IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CHANGE HAMILTON DOTY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:24-cv-02147-TLP-atc |
| v. ) | |
| ) | JURY DEMAND |
| SCOTT BESSENT, Secretary of the ) | |
| Treasury, ) | |
| ) | |
| Defendant. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DIRECTING THE CLERK TO MODIFY THE DOCKET**

In March 2024, Plaintiff Change Doty ("Plaintiff") sued Janet Yellen, the Secretary of the Treasury ("Defendant"), alleging violations of Title VII of the Civil Rights Act of 1964. (ECF No. 1.)[1] Under Administrative Order 2013-05, the Court referred this case to Magistrate Judge Annie T. Christoff ("Judge Christoff") for management of all pretrial matters. And in February 2025, Judge Christoff issued a Report and Recommendation ("R&R"). (ECF No. 20.) In the R&R, Judge Christoff recommends that this Court dismiss Plaintiff's case for failure to serve process under Federal Rule of Civil Procedure 4(m) and failure to prosecute under Federal Rule of Civil Procedure 41(b). (*Id.*) For the reasons below, this Court **ADOPTS** the R&R. Indeed, as shown in the next section, Plaintiff has repeatedly failed to serve Defendant with process.

---

[1]The Secretary of the Treasury is now Scott Bessent. (*See* ECF No. 26 at PageID 118.) The Court respectfully **DIRECTS** the Clerk to modify the docket to reflect Scott Bessent as the Defendant.

1

## BACKGROUND

On June 28, 2024, Judge Christoff issued an Order to Show Cause, because the docket lacked any suggestion that Defendant had been served even though 114 days having passed since Plaintiff sued. (ECF No. 8 at PageID 16.) To avoid dismissal, the Order required Plaintiff either to provide proof of service or demonstrate good cause for the failure to serve. (*Id*. at PageID 17.) The Order added that "[f]ailure to do so by July 19, 2024, may result in the dismissal of this action without prejudice." (*Id*.)

On July 18, 2024, Plaintiff responded outlining her efforts to serve Defendant, which included attempts with email and by U.S. mail. (ECF No. 10 at PageID 22–23.) But, for various reasons, none of these attempts were successful. (*Id*.) In the same filing, Plaintiff stated that she had hired a professional process server and requested that the Court allow an extension of 20 days to complete service on Defendant. (*Id*. at PageID 23.) Judge Christoff granted Plaintiff's request on July 23, 2024, extending the service deadline to August 12, 2024. (ECF No. 12 at PageID 29.) Plaintiff failed to meet the deadline.

Judge Christoff entered a Final Order to Show Cause on August 27, 2024. (ECF No. 13.) To avoid dismissal under Rule 4(m), the Order required Plaintiff either to provide proof of service on Defendant or demonstrate good cause for the failure to serve. (*Id.* at PageID 31.) The Order warned Plaintiff that this was her "final opportunity to obtain service of process in this matter. No further extensions of time will be permitted absent a showing of good cause." (*Id*.)

On September 17, 2024, Plaintiff responded to the August 27th Show Cause Order. (ECF No. 14.) Rather than addressing the reasons for the delay in service, Plaintiff primarily focused on the merits of her claims against Defendant. (*Id*. at PageID 32–35, 38–70.) Plaintiff

also attached her response from the July 18th Show Cause Order. (*Id*. at PageID 36–37.) Once again, Plaintiff requested another twenty days to serve Defendant. (*Id*.)

Judge Christoff granted her request on October 4, 2024, and ordered Plaintiff to serve Defendant by October 24, 2024. (ECF No. 15.) Plaintiff was also warned that failure to submit proof of service on Defendant by October 24 "will result in the dismissal of this case without prejudice. No further extensions of time will be permitted absent extraordinary good cause." (*Id.* at PageID 73.)

On October 23, 2024, Plaintiff filed a summons reflecting proof of service on the United States Attorney for the Western District of Tennessee by personally delivering a copy of the summons and Complaint to an Assistant United States Attorney. (ECF No. 16.) But, because Plaintiff is serving an officer of the United States, she needed not only to serve the United States Attorney but also to send a copy of the Complaint and summons to the officer by registered or certified mail. *See* Fed. R. Civ. P 4(i)(1)–(2). And she needed to send a copy of the Complaint and summons "by registered or certified mail to the Attorney General of the United States at Washington." *See* Fed. R. Civ. P 4(ii)(B).

A day later, on October 24, 2024, Plaintiff moved again to extend her deadline to complete service on Defendant. (ECF No. 17.) In that Motion, Plaintiff claimed to have sent service materials by mail to the Secretary of Treasury, Janet L. Yellen, and the U.S. Attorney General, Merrick B. Garland. (*Id*. at PageID 77.) And she claims that she has a video documenting her service attempts and provided USPS tracking numbers for her claimed certified mail deliveries to the Department of Justice and the Department of Treasury. (*Id*.)

On December 4, 2024, Judge Christoff entered an Order entitled "Order Granting Final Extension of Time to Effectuate Service." (ECF No. 18.) That Order explained how Federal

3

Rule of Civil Procedure 4(i) governs service on the United States and its agencies and officers. Since Plaintiff is suing the Secretary of Treasury, Plaintiff must comply with both Rule 4(i)(1) and Rule 4(i)(2). (*Id*. at PageID 85.) And Rule 4(i)(2) requires that Plaintiff must "serve the United States and also send a copy of the summons and of the complaint by registered or certified mail" to the official named in the complaint. (*Id*.)

Judge Christoff considered Plaintiff's partial compliance with Rule 4(i) and ordered that Plaintiff had until December 27, 2024, to complete Rule 4(i)(2)'s requirement. (ECF No. 18.) Judge Christoff stated that Plaintiff "must send a copy of the summons and complaint, by registered or certified mail, to Janet Yellen, Secretary of the Treasury, 1500 Pennsylvania Avenue, NW, Washington, D.C. 20220." (*Id*. at PageID 86.) She also explained that "[v]ideo links and tracking numbers are not sufficient; instead, Doty must submit a registered or certified mail receipt." (*Id.*) And Judge Christoff explained that failure to comply "will result in dismissal of this case without prejudice. No further extensions of time will be permitted." (*Id*.)

As of February 21, 2025, Plaintiff had not filed proof of service on the Secretary of Treasury or responded at all to the December 4th Order. And on February 21, 2025, Judge Christoff entered the R&R, which recommends that the Court dismiss the case without prejudice for both failure to serve and failure to prosecute. (ECF No. 20.)

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 4(m), a plaintiff must serve a defendant within 90 days after filing a complaint. And the plaintiff has the burden both to serve the defendants and to show proper service of process. *Sawyer v. Lexington-Fayette Urban Cnty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001). These requirements are important, as "without proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a

named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) (citing *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999)). Rule 4(m) mandates that if a defendant is not served with process within 90 days of the filing of the complaint, "the court—on motion or on its own after notice to the plaintiff—*must* dismiss the action without prejudice against that defendant." Fed. R. Civ. P. 4(m). But Rule 4(m) also provides that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*.

Rule 41(b) provides for the involuntary dismissal of a complaint where the plaintiff has failed to prosecute or comply with a court order. The Supreme Court has recognized a district court's inherent power to dismiss a case for failure to prosecute. *Marchand v. Smith & Nephew*, No. 11-2621-STA-CGC, 2013 WL 6780559, at *1 (W.D. Tenn. Dec. 19, 2013) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48 (1991)). Rule 41(b) "allows district courts to manage their dockets and avoid unnecessary burdens on both courts and opposing parties." *Shavers v. Bergh*, 516 F. App'x 568 (6th Cir. 2013) (citing *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)).

A magistrate judge may submit to a district court judge proposed findings of fact and recommendations for deciding pretrial matters, including the involuntary dismissal of an action. 28 U.S.C. § 636(b)(1)(A)–(B). And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). If the parties do not object, then a district court reviews a R&R for clear error. Fed. R. Civ. P. 72(b) advisory committee notes. But if there is an objection, the district court reviews the objected-to portions of the R&R de novo. Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. §

636(b)(1). And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## DISPOSITION

### I. Rule 4(m)

Judge Christoff recommends dismissal under both Rule 4(m) and Rule 41(b). The Court will first address the issue under Rule 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

While Rule 4(m) does not define good cause, "'good cause' generally means 'a reasonable, diligent effort' at proper service." *Johnson v. Smith*, 835 F. App'x 114, 115 (6th Cir. 2021). A plaintiff shows good cause when "something outside the plaintiff's control prevents timely service," such as when a defendant evades service. *Savoie v. City of E. Lansing*, No. 21-2684, 2022 U.S. App. LEXIS 23854, 2022 WL 3643339 (6th Cir. Aug. 24, 2022). Plaintiffs bear the burden to show good cause. *Id.*

Judge Christoff found that Plaintiff has failed to perfect service and that she has not shown good cause to extend the service deadline. As Judge Christoff explains, Federal Rule of Civil Procedure 4(i) applies here because Plaintiff is suing an officer of the United States. Indeed, Rule 4(i) governs the requirements for serving the United States, as well as its agencies, corporations, officers, or employees. Besides, Plaintiff is suing a United States officer so she needs to comply both with Rule 4(i)(1) and Rule 4(i)(2). Under Rule 4(i)(1), to serve the United States, a party must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United

> States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

And Rule 4(i)(2) provides:

> To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

While Plaintiff has completed at least partial service on the United States, she also needed to send a copy of the summons and Complaint by certified mail to the Secretary of Treasury to effect proper service.[2] And, as Judge Christoff correctly concludes, Plaintiff has not filed this proof, despite Judge Christoff having given Plaintiff many opportunities to do so after she delivered the service materials to an Assistant United States Attorney. (*See* ECF Nos. 18, 20.)

Judge Christoff found that Plaintiff has not shown good cause to extend the service deadline any further. (*Id.*) Judge Christoff explained that, despite multiple extensions, Plaintiff has still failed to perfect service on Defendant. (*Id.* at PageID 91–92.) And Judge Christoff further pointed out that Plaintiff has not complied with the December 4th Order. (*Id.* at PageID 92.) In that Order, Judge Christoff explicitly instructed Plaintiff on how to complete service, even providing the correct mailing address and explaining how to perfect service. (ECF No. 18.)

---

[2] While not directly addressed by Judge Christoff, the Court has not seen proof that Plaintiff sent a copy of the Complaint and summons to the Attorney General of the United States. The Court need not reach this issue.

In the end, Plaintiff filed her Complaint on March 6, 2024, over a year ago, and has yet to properly serve the Defendant, even though the Court granted multiple extensions to do so. And so Judge Christoff recommends that this Court dismiss this case for lack of service of process. (ECF No. 20.) Plaintiff objected to Judge Christoff's recommendation. (ECF No. 21.) The Court now addresses the objections.

### A.      Plaintiff's Objections

In her objections, Plaintiff mainly argues that the service issues were beyond her control and occurred despite her diligent efforts to comply with the service rules. (ECF No. 21 at PageID 98.) In support of her position here, Plaintiff describes several of her service attempts, including her attempts from October 2024 and March 2025.

To start, Plaintiff's October 2024 service attempts do not convince the Court that good cause exists to extend the service deadline. In her objections, Plaintiff claims to have enlisted the services of Corease Doty[3] ("Agent Doty") to provide the service materials to the Secretary of the Treasury on October 25, 2024, in person, but the attempt failed due to closures related to the Covid-19 pandemic. (ECF No. 21 at PageID 98.) Next, Plaintiff asserts that Agent Doty mailed the service materials to the Secretary of the Treasury by USPS mail. (*Id.*) Plaintiff states that the receipt number for this service attempt is "#225660." (*Id.*) Plaintiff also points out that in October 2024,[4] she used the Department of Justice's website to send a message requesting another way to effect service, but she received no response. (*Id.*) And lastly, Plaintiff explains how she created a YouTube account and uploaded service documents to perfect service. (*Id.*)

---

[3] Plaintiff does not explain who Corease Doty is. (ECF No. 21 at PageID 98.) This is the first mention of Corease Doty in the record.
[4] Plaintiff states that this was conducted in October 2025. (ECF No. 21 at PageID 98.) The Court assumes Plaintiff means October 2024.

These service attempts do not show good cause to extend Plaintiff more time to serve process here. For starters, Agent Doty being unable to serve Defendant in person because of Covid-19 closures does not persuade the Court that good cause exists here to extend the service deadline. Plaintiff needed to send the service materials to the Secretary of the Treasury by mail, not deliver them in person. *See* Fed. R. Civ. P. 4(i)(2). Although Plaintiff asserts that Agent Doty sent the Secretary the materials by USPS mail, Plaintiff does not provide any proof that this was sent by certified or registered mail, which is required by Rule 4(i)(2). Tracking or receipt numbers alone cannot establish proper service. And, as a final point, one cannot accomplish service by YouTube video. In any event, Judge Christoff granted Plaintiff an extension of the service deadline after these failed service attempts. (*See* ECF No. 18.) And Plaintiff still failed to perfect service after that extension.

Also in her objections, Plaintiff describes service attempts she made in March 2025. Plaintiff explains that she obtained the services of Capitol Processing Services to perfect service. (ECF No. 21 at PageID 99.) And she asserts that Scott Slatkin, a private process server with Capitol Processing Services, sent the Secretary of Treasury the service materials by certified mail. (*Id*.) To that end, she provided Mr. Slatkin's affidavit, which states "Per COVID-19 service of process protocol, service was completed by mailing a copy of the documents listed herein to Janet Yellen, Secretary of the Treasury, 1500 Pennsylvania Avenue, NW, Washington, on 03/05/2025 via United States Postal Service, Certified Mail, Return Receipt Requested. Article Number: 9589 0710 5270 0332 9598 06." (ECF No. 22 at PageID 111.) Mr. Slatkin's affidavit is dated March 7, 2025. (*Id.*) And Plaintiff asserts that Mr. Slatkin will forward her the certified USPS green card once he receives it. (ECF No. 21 at PageID 99.)

9

But Mr. Slatkin's efforts in March 2025 do not show that Plaintiff perfected service or show good cause to extend the service deadline again. Although Mr. Slatkin's affidavit claims that he mailed the documents, Plaintiff has provided no return receipt. In the December 4th Order, the Court granted Plaintiff another extension to December 27, 2024, and explicitly required that she "submit a registered or certified mail receipt." (ECF No. 18.) To date, Plaintiff has not provided that receipt. But even if she had provided the receipt, the Court would still consider service incomplete and decline to find good cause to extend the service deadline. Indeed, this service attempt happened in March 2025, *after* her service deadline and *after* Judge Christoff issued her R&R. (*See* ECF Nos. 18, 20.) Rather than showing diligence and good cause to extend the deadline, the March service attempt shows a disregard for a Court Order and an untimely effort to perfect service.

So in the end, the Court **OVERRULES** Plaintiff's objections and agrees with Judge Christoff that Plaintiff has not shown good cause for her failure to serve Defendant.

B.     **Request for Another Extension**

At the end of her objections, Plaintiff requests another extension of time to complete proper service. (ECF No. 21 at PageID 100.) Or in the alternate, Plaintiff requests that the Court authorize alternative methods of service. (ECF No. 21 at PageID 99–100.) The Court now takes up these requests.

The Court finds that no further extension of time to perfect service here is warranted. Indeed, for the reasons explained above, Plaintiff has not shown good cause to extend the service deadline. Plaintiff has not acted diligently. In fact, the record shows that Plaintiff took no action to perfect service between Judge Christoff's December 4, 2024, Order and Plaintiff's December 27, 2024, deadline. (*See* ECF Nos. 18, 21.)

The Court declines to exercise its discretion to extend the service deadline any further. When deciding whether to exercise this discretion, courts look to seven factors:

> (1) whether an extension of time would be well beyond the timely service of process; (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred; (5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies; (6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and (7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 569 (6th Cir. 2022). None of these factors are dispositive. *Id.*

The first, fifth, and seventh factors support not extending the service deadline. The first factor—whether an extension of time would be well beyond the timely service of process—strongly favors not extending the service deadline. Indeed, Plaintiff sued here on March 6, 2024, and service of process is still an issue over a year later. (*See* ECF No. 1.)

The fifth factor considers whether the plaintiff made a good-faith effort to properly effect service or acted diligently to correct any deficiencies. In this case, Plaintiff did neither. For instance, rather than address the delay in service, one of Plaintiff's responses focused on the merits of her case and simply reattached an earlier response to a Show Cause Order. (ECF No. 14.) Additionally, Plaintiff's failure to respond to the Court's December 4th Order reflects a lack of diligence in addressing the service deficiencies. Accordingly, the fifth factor weighs against granting another extension.

The seventh factor also supports not extending the service deadline. This is because the lack of service is due to Plaintiff's own inaction. *See Savoie v. City of East Lansing, Mich.*, No. 21- 2684, 2022 WL 3643339, at *5 (6th Cir. Aug. 24, 2022). This factor looks at whether

11

equitable factors exist that might be relevant to the unique circumstances of the case. Plaintiff contends that her inability to perfect service is due to circumstances beyond her control, including COVID-19-related protocols. (ECF No. 21 at PageID 98.) But as outlined above, Judge Christoff detailed how Plaintiff should serve Defendant, specifying the delivery method, the correct address, and the type of proof required for submission to the Clerk's office. (*See* ECF No. 18.) Despite these explicit instructions, Plaintiff has failed to perfect service and is responsible for the status of the case.

The Court will now look at the other factors—the second, third, and fourth factors. The second factor assesses prejudice to Defendant, the third factor looks to whether Defendant had actual notice of the lawsuit, and the fourth factor looks to prejudice to Plaintiff. The Court finds that, depending on how it rules, both sides may suffer prejudice. If the Court extended the deadline, Defendant would be prejudiced by the delay here. But if the Court dismisses the case, Plaintiff will have to refile and start over. But since she has not served Defendant yet anyway, the prejudice to Plaintiff is minor. So the second and fourth factors are neutral.

The record suggests that Defendant has actual notice of the lawsuit. So the third factor favors providing another extension.

Lastly, as Plaintiff is pro se, the sixth factor is either neutral or weighs slightly against extending the deadline. In this case, Plaintiff has already been given multiple chances to remedy the service deficiencies but has failed to do so. In her December 4th Order, Judge Christoff acknowledged Plaintiff's partial compliance with Rule 4(i) and granted another extension, as the Rule requires in cases of partial compliance. In fact, Judge Christoff granted Plaintiff multiple extensions. (ECF Nos. 12, 15, 18.) The Court therefore gave Plaintiff ample leeway, so no

further extensions are justified even though she is pro se. Indeed, in the end, the latitude given to pro se plaintiffs has limits.

On balance, the Court finds that the factors weigh against providing Plaintiff with another extension. In the end, Plaintiff was given multiple chances to perfect service, yet she has continuously failed to do so.

## II.     Rule 41(b)

Besides recommending that the Court dismiss this case for failure to serve under Rule 4(m), Judge Christoff recommends that this Court dismiss this case for failure to prosecute under Rule 41(b). To determine whether dismissal under Rule 41(b) is appropriate, courts consider four factors, none of which are dispositive: (1) if the party acted willfully or in bad faith; (2) if the adverse party will be prejudiced; (3) if the party was warned that failure to respond could lead to dismissal; and (4) if less drastic sanctions were considered. *See Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008).

All in all, dismissal under Rule 41(b) is appropriate when a party exhibits a "clear record of delay," stubborn disregard for the rules of court and "is inexcusably unprepared to prosecute the case." *Shavers*, 516 F. App'x at 570. And if a court dismisses the action without prejudice, then these factors "should be greatly relaxed" because the dismissed party is not permanently deprived of their day in court. *Wilson v. Shelby Cnty. Div. of Corr.*, 2021 U.S. Dist. LEXIS 56941, 2021 WL 1148221, at *1 (W.D. Tenn. Mar. 25, 2021) (quoting *Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 556 (6th Cir. 2004)). Judge Christoff applied these factors and recommended that the Court dismiss Plaintiff's case.

Although Plaintiff objected to the R&R, she did not object to Judge Christoff's recommendation that the Court dismiss this case for failure to prosecute. In the same way Plaintiff's objections do not convince the Court that good cause exists to extend the service

deadline, nothing in her objections justify rejecting Judge Christoff's recommendation that the Court dismiss this case for failure to prosecute. In the end, under either clear error review or de novo review, the Court agrees with Judge Christoff's recommendation as explained below.

### A. Whether Plaintiff Acted "Willfully or in Bad Faith"

For the first factor, "[w]illfulness, bad faith, or fault is demonstrated when a plaintiff's conduct evidences either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Shavers*, 516 F. App'x at 570 (quoting *Schafer*, 529 F.3d at 737). As Judge Christoff noted, despite being granted multiple extensions, Plaintiff has disregarded court orders, specifically the December 4th Order. (ECF No. 20 at PageID 93.) Indeed, more than a year has passed since she sued here, and Plaintiff still has not properly served Defendant. The Court thus agrees with Judge Christoff that this shows "willfulness, bad faith, or fault." (*Id.*) Accordingly, the first factor favors dismissal.

### B. Whether the Adverse Party Will Be Prejudiced

For the second factor, "[a] defendant is prejudiced by the plaintiff's conduct where the defendant waste[s] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Wright v. City of Germantown Tenn.*, 2013 U.S. Dist. LEXIS 57192, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (quoting *Shavers*, 516 F. App'x at 570)). As Judge Christoff noted, prejudice to Defendant is not a relevant factor here because Defendant has not been served and has not appeared in this case except to respond to Plaintiff's objections to the R&R. So this factor is neutral.

### C. Whether the Plaintiff Was Warned of Possible Dismissal

The third factor— notice—focuses on whether dismissal is a fair result. *Schafer*, 529 F.3d at 737 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). This

14

factor supports dismissal here because Plaintiff was explicitly warned in five separate orders that failure to serve Defendant or respond to the orders could result in dismissal. (ECF Nos. 8, 12, 13, 15, 18.) As Judge Christoff noted, despite receiving these clear warnings, Plaintiff still failed to perfect service or respond to her December 4th Order, which weighs heavily in favor of dismissal. (ECF No. 20 at PageID 94.)

### D.     Whether Less Drastic Sanctions Are Available

Finally, applying the fourth factor, a Court need not implement a lesser sanction before dismissing a case. *Shavers*, 516 F. App'x at 571 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)). In fact, if a party ignores court orders and still fails to prosecute her case then dismissal is appropriate. *See Lee v. GlaxoSmithKline, LLC*, 2014 WL 691192, at *2 (W.D. Tenn. Feb. 21, 2014) (finding dismissal under Rule 41(b) appropriate when a plaintiff failed to comply with several Court orders, including a show cause order). As Judge Christoff states, dismissal is the only sanction available for the Court to impose under these circumstances. Indeed, Plaintiff has failed to comply with multiple court orders, and the Court finds that no other sanction would be effective.

### CONCLUSION

For the reasons explained, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** Judge Christoff's R&R. The Court therefore **DISMISSES** this case **WITHOUT PREJUDICE**.

**SO ORDERED**, this 20th day of October, 2025.

                                                  s/Thomas L. Parker
                                                  THOMAS L. PARKER
                                                  UNITED STATES DISTRICT JUDGE